IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ERIC PIERRE | § | |
|    Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. _____ |
| | § | |
| CHICAGO BRIDGE & | § | |
| IRON COMPANY, | § | |
|    Defendant. | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

### A. Parties

1.    Plaintiff, ERIC PIERRE, is an individual who is a citizen of the State of California.

2.    Defendant, CHICAGO BRIDGE & IRON COMPANY ("CBI"), is a corporation doing business in the State of Texas.  CBI may be served with process by delivery to its registered agent in Texas, C T Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

### B. Jurisdiction

3.    The court has jurisdiction over the lawsuit under the federal question jurisdiction 28 U.S.C. § 1331 because some of the civil actions alleged arise under federal laws prohibiting employment discrimination based on race pursuant to 42 U.S.C. § 2000e.

### C. Venue

4.    Venue is proper in this district under 42 U.S.C. §2000e-5(f)(3) because the alleged unlawful employment practice was committed in this district. The plaintiff worked for defendant at its location in The Woodlands, Texas, which is within this district. The unlawful employment practices occurred at that location.

D. Exhaustion of Administrative Remedies

5.      Plaintiff timely filed a charge of discrimination against defendant with the Equal Employment Opportunity Commission ("EEOC").  Plaintiff files this complaint within 90 days after receiving a notice of the right to sue from the EEOC.  A copy of the notice of the right to sue is attached as Exhibit A.

E.  Facts

6.      Plaintiff, Eric Pierre, was a Senior Auditor for CBI at its location in The Woodlands, Texas.  On or around October 22, 2015, Pierre submitted a complaint to CBI regarding racial comments.  He complained to Michael Taff, the Chief Financial Officer, and Kerry David, the Chief Compliance Counsel, of racial comments made by his department head.  Pierre also advised Taff and David of another employee that was subjected to racist comments.

7       David told Pierre that he would look into his complaint.  However, after Pierre made his complaint to CBI, he was given a Performance Improvement Plan ("PIP") by his supervisor, Aummar Kayani, claiming that he had poor job performance.  Pierre had not received a poor job performance at PIP up to that point.

8.      On November 9, 2015, Pierre approached the EEOC to report unlawful discrimination and retaliation.  In particular, Pierre notified the EEOC that the PIP he was given was in retaliation for his complaints of racial discrimination.  Pierre also sent a letter to Kayani advising him that he felt Kayani was retaliating against him with the poor PIP because of his complaints of racial discrimination.  Kayani made Pierre provide him a response to the poor performance PIP.

9.      On November 13, 2015, Pierre submitted his PIP response to Kayani.  Kayani did not accept it, claiming it was not adequate.  On November 17, 2015, Pierre signed his charge of

discrimination with the EEOC. Pierre notified Kayani once again that he felt he was being harassed and targeted because he had complained of discrimination.

10. On or around December 14, 2015, Pierre was brought into a room for a meeting with Kayani and the Human Resources manager. During this meeting, the HR manager and Kayani tried to force Pierre to sign his poor PIP form. Pierre refused to do so, advising them that the PIP was the tool being used as retaliation for his complaints of discrimination. He advised them that he had his complaint on file with the EEOC and that making him sign the PIP would be further harassment. Pierre reminded them that he had a complaint on file with the EEOC. The HR manager and Kayani acknowledged that they were aware of his EEOC complaint, yet they insisted Pierre sign the PIP or he would be terminated. Pierre finally agreed to sign the PIP, but added to his signature that it was being signed under duress, and that he had complained of the retaliatory nature of the PIP to the EEOC.

11. Both the HR manager and Kayani would not accept Pierre signing the PIP with the language mentioning the EEOC complaint. The HR manager and Kayani both advised Pierre that if he could not sign the PIP without the EEOC language, then he would be terminated for insubordination. CBI terminated Pierre's employment that day.

### F. Unlawful Employment Practices Under Title VII

12. Plaintiff is a black male employee protected under Title VII, 42 U.S.C. §2000e(f).

13. Defendant is an employer within the meaning of Title VII, 42 U.S.C. §2000e(b).

### Racial Discrimination Under Title VII

14. Defendant intentionally discriminated against plaintiff because of his race in violation of Title VII, 42 U.S.C. §2000e-2 by racially harassing, denying employment opportunities, treating

plaintiff differently than employees of other races, and ultimately terminating plaintiff based on his race.

15. Defendant's intentional discrimination resulted in an adverse employment action against plaintiff. Defendant harassed plaintiff because of his race. Defendant disciplined plaintiff harsher than it did non-black employees.

## Retaliation Under Title VII

16. Defendant unlawfully retaliated against plaintiff because he opposed a practice made unlawful by Title VII. Plaintiff reported to defendant his opposition to its unlawful discrimination and harassment based on race. Plaintiff's opposition to the practice was a protected activity under Title VII, 42 U.S.C. §2000e-3(a). Plaintiff complained of racial discrimination against himself and others. His complaints of discrimination on behalf of other employees were protected under Title VII. The defendant subjected plaintiff to an adverse employment action by harassing, disciplining, and ultimately terminating his employment because of his opposition to unlawful discrimination. A causal link exists between the protected activity and the defendant's actions. Any other reasons by defendant for the adverse employment actions are merely pretexts.

## G.  Unlawful Discrimination Under 42 U.S.C.§ 1981

17. Plaintiff brings claims of racial discrimination and retaliation by defendant in violation of 42 U.S.C.§ 1981. Claims under both Title VII and 42 U.S.C. § 1981 may be maintained under both statutes because the remedies are "separate, distinct and independent." *CBOCS W., Inc. v. Humphries*, 553 U.S. 442, 455, 128 S. Ct. 1951, 1960, 170 L. Ed. 2d 864 (2008).

18. Plaintiff is a member of a protected class, the black race.

19.	At all relevant times, plaintiff was in a contractual relationship with defendant within the meaning of 42 U.S.C. § 1981.  An employee subject to at-will termination under Texas law nevertheless has an implied "contract" with their employer that unlawful racial discrimination will not be allowed that meets the § 1981 requirements to maintain an action against an employer for its breach.  *Fadeyi v. Planned Parenthood Ass'n of Lubbock, Inc.*, 160 F.3d 1048, 1050 (5th Cir. 1998).

20.	Plaintiff was subjected to intentional discrimination by defendant.  Plaintiff was harassed because of his race and complaints of discrimination on behalf of other employees.

21.	Through its actions and treatment of plaintiff, defendant intended to discriminate against plaintiff on the basis of his race.

<u>Retaliation Under 42 U.S.C.§ 1981</u>

22.	Retaliation claims are actionable under 42 U.S.C. § 1981.  *CBOCS W., Inc. v. Humphries*, 553 U.S. at 457, 128 S. Ct. at 1960.  As discussed above, plaintiff is an African American employee protected from discrimination under 42 U.S.C. § 1981.  Plaintiff reported to defendant his opposition to its unlawful discrimination and harassment based on race.  Plaintiff's opposition to the practice was a protected activity under 42 U.S.C. § 1981.  *CBOCS* at 457.  As described in this petition, defendant subjected plaintiff to adverse employment actions by increasingly disciplining, harassing, and ultimately terminating him.  A causal link exists between the protected activity and defendant's action.  Any other reasons by defendant for the adverse employment action are merely pretexts.

<u>H. Damages</u>

23.	As a direct and proximate result of defendant's conduct, plaintiff has suffered damages and losses entitling him to the following remedies:

    a.    Back pay, including that amount of wages and employment benefits plaintiff would have earned if he had not been subjected to defendant employer's unlawful conduct less any wages, unemployment compensation benefits, or worker's compensation benefits he received in the interim. ("Employment benefits" include sick leave pay, vacation pay, profit sharing benefits, stock options, pension fund benefits, housing or transportation subsidies, bonuses, monetary loses incurred as a result of loss of health, life, dental, or similar insurance coverage.);

    b.    Reinstatement;

    c.    Front pay, if reinstatement is inappropriate;

    d.    Compensatory damages in the past, which include emotional pain and suffering, inconvenience, mental anguish, expenses incurred in seeking other employment, and loss of enjoyment of life; and

    e.    Compensatory damages in the future, which include economic losses, emotional pain and suffering, inconvenience, mental anguish, and loss of enjoyment of life.

### I.  Attorney Fees

24.    Plaintiff is entitled to an award of attorney fees, including expert fees, and costs under 42 U.S.C. § 12205 and/or 42 U.S.C. § 2000e-5(k).

### J.  Additional Damages

25.    In addition to the previously alleged damages (which plaintiff alternatively seeks under this cause of action) plaintiff seeks exemplary damages for defendant's malicious actions, clearly arising from ill will, reckless indifference, spite, evil motive and with a purpose to injure plaintiff.

### K.  Jury Demand

26.    Plaintiff requests a trial by jury.

### L.  Prayer

27.    For these reasons, plaintiff asks for judgment against defendant for the following:

a. Reinstatement to his prior job and position;

b. Back pay and front pay, including all employment benefits;

c. Compensatory damages in the past, including emotional pain and suffering, inconvenience, mental anguish, and loss of enjoyment of life;

d. Compensatory damages in the future, including economic losses, emotional pain and suffering, inconvenience, mental anguish, and loss of enjoyment of life;

e. Exemplary damages;

f. Attorney fees and courts costs; and

g. All other relief the Court deems appropriate, at law and in equity.

Respectfully submitted,

By: */s/ Stephen L. Townsend*
Stephen L. Townsend
Texas Bar No. 24071539
stephen@heartfieldlawfirm.com
J. Thad Heartfield
Texas Bar No. 09346800
thad@heartfieldlawfirm.com
THE HEARTFIELD LAW FIRM
2195 Dowlen Road
Beaumont, Texas 77706
Telephone: (409) 866-3318
Fax: (409) 866-5789

COUNSEL FOR PLAINTIFF